**Chester A. LANEHART, et al.**

v.

**Donald J. DEVINE, et al.**

**Civ. No. Y–83–3545.**

United States District Court,
D. Maryland.

Aug. 19, 1985.

Ira M. Lechner, Washington, D.C., and Donald H. Feige, Towson, Md., for plaintiffs.

Catherine C. Blake, U.S. Atty., D. Md., and Jack C. Tranter, Asst. U.S. Atty., Baltimore, Md., for defendants.

## MEMORANDUM

JOSEPH H. YOUNG, District Judge.

This case is an action by employees of the federal government for damages for a declaratory judgment against their employer, the United States of America. Plaintiffs are federal employees engaged in firefighting activities at various military and airport installations across the country. They contend that in computing the rates of pay to which they are entitled for time spent (1) on jury duty or witness service under 5 U.S.C. § 6322, (2) performing services in the reserves of the armed forces or the National Guard under 5 U.S.C. § 6323, (3) on annual leave under 5 U.S.C. § 6303, and (4) on sick leave under 5 U.S.C. § 6307, the government, through the then director of the office of Personnel Management ("OPM"), Donald Devine, has denied them the full measure of pay which they allege they are statutorily guaranteed. Each plaintiff claims that, as a result of this alleged denial, he or she has lost certain backpay and sues to recover that amount. Accordingly, plaintiffs seek (1) all pay

which they normally and regularly would have been paid had they worked their standard work schedule while on court, military, annual or sick leave, and (2) interest on the amounts found due, from October 11, 1977, or the date of their employment with the federal government, whichever is applicable. Plaintiffs further request a declaratory judgment defining their rights under the above-referenced leave statutes and awarding attorneys' fees, expenses, and costs. Defendants contend that plaintiffs have received the full amount of pay to which they are legally entitled.

Both parties have filed motions for summary judgment, and agree that there are no facts in dispute. Having reviewed the pleadings, the Court finds the plaintiffs' arguments are without merit and that defendants are entitled to summary judgment as a matter of law, for the reasons stated herein.

The facts are undisputed. Plaintiffs are civilian employees of the United States who are firefighters employed at various military and airport installations across the country. As firefighters, plaintiffs are required to work shifts of twenty-four hours on duty followed by twenty-four hours off-duty, with one additional day off bi-weekly so that each Federal firefighter regularly and normally works three twenty-four hour shifts each seven day period. This amounts to one hundred forty-four hours of regularly scheduled work per fourteen day period.*

During each twenty-four hour shift, the firefighter is normally at the fire station for the entire period, in a work status for eight hours and in a standby status, which includes a designated sleep period, for the remaining sixteen hours. The firefighters are on duty for the entire twenty-four hour period and respond to duty calls which occur during the work status and standby status.

Under Title 5, United States Code, the method of compensating Federal firefighters is different from the normal basic pay arrangement for other full-time federal employees who work a forty hour work week. For each weekly tour of duty a federal firefighter receives a combination of basic pay and annual premium pay for regularly scheduled standby duty. The standby duty pay is in lieu of premium pay for regularly scheduled night, Sunday, holiday and overtime duty under other provisions of Subchapter V of Chapter 55 of Title 5. The firefighters may, however, receive overtime under Title 5 for irregular, unscheduled overtime in excess of their regularly scheduled 72 hour weekly tour of duty. That overtime is computed at a rate of "one and one half times" the firefighter's hourly regular rate times the number of overtime hours.

Prior to 1974, all pay entitlements of federal employees, including the plaintiffs, were set forth in Title 5. In 1974, however, the federal government in its status as an employer was brought within the coverage of the Fair Labor Standards Act by the enactment of the Fair Labor Standards Amendments of 1974. Under the FLSA as applied to these plaintiffs, the method for compensating federal firefighters for excess hours is also different from the regular overtime pay requirement after 40 hours in a work week for other federal employees covered by the FLSA.

In extending coverage of the FLSA to employees engaged in fire protection activities, Congress departed from the normal time period used in determining FLSA overtime pay—the 40-hour work week—and adopted a tour of duty/work period standard for determining firefighter FLSA overtime entitlement. 29 U.S.C. § 207(k). This special overtime provision provides that employees engaged in fire protection activities are entitled to overtime compensation for "tours of duty" that exceed a specified number of hours in a 28-day "work period." Most federal agencies, however, administer this section on a 14-day work period to coincide with federal

---

* A much smaller number of federal firefighters work a sixty-hour week on a regularly scheduled basis, week in and week out.

firefighters' bi-weekly pay periods under Title 5.

The average number of hours after which FLSA overtime is due to firefighters is 53 in one week. As a result, federal firefighters on 72 hour weekly tours of duty receive additional overtime pay for the 19 hours in their regularly scheduled tours of duty that exceed the FLSA overtime standard of 53 hours. This additional overtime pay is computed as follows: one half times a firefighter's hourly regular rate of pay times the number of overtime hours. Thus, the firefighter is paid once for the 72 hour weekly tour of duty by receipt of the basic pay and standby duty pay under Title 5, and receives an additional "one half times" the hourly regular rate of pay for the 54th through 72nd hours. For all hours in excess of their regularly scheduled 72 hour weekly tours of duty firefighters receive one and one half times their hourly regular rate of pay.

In four separate statutes, Congress has mandated that federal employees are "entitled to annual leave with pay," 5 U.S.C. § 6303, "entitled to sick leave with pay," 5 U.S.C. § 6307, "entitled to leave, without loss or reduction in pay" for jury duty or witness duty, 5 U.S.C. § 6322, and "entitled to leave without loss in pay" for not more than fifteen days of annual training in the military reserves or National Guard, 5 U.S.C. § 6323.

Thus, a federal firefighter's total compensation is determined pursuant to a complicated system of dual entitlements under Title 5 and the FLSA. Congress recognized the possible conflicts between the two statutory provisions, and the legislative history of the 1974 FLSA amendments reflects Congress' consideration of possible problems:

> The Secretary of Labor in 1973, reflected the Civil Service Commission's view when it recommended against bringing federal employees under the coverage of the Fair Labor Standards Act. The Commission's position was that Federal employees are already covered by special pay provisions in Title 5, United States Code, and that enactment of this legisla-

tion would confuse the administration of these provisions and could raise jurisdictional problems of administration.

> The committee resolved this matter by including Federal employees within the coverage of the Act and charging the Civil Service Commission with responsibility for administration of the Act so far as Federal employees (other than employees of the Postal Service, the Postal Rate Commission or the Library of Congress) are concerned. It is the intent of the committee that the Commission will administer the provisions of the law in such a manner as to assure consistency with the meaning, scope, and application established by the rulings, regulations, interpretations, and opinions of the Secretary of Labor which are applicable in other sectors of the economy. The provisions of the bill would leave the premium pay provisions of Title 5, United States Code, in effect to the extent that they are not inconsistent with the Fair Labor Standards Act.

H.R.Rep. No. 913, 93rd Cong., 2d Sess. 28 (1974), *reprinted in* [1974] U.S.Code Cong. and Adm.News 2811, 2837–2838.

Prior to 1974, the FLSA had been administered in the private sector by the Wage and Hour Division of the Department of Labor. The 1974 amendments changed that system. While the Wage and Hour Administrator continued to administer the FLSA in the private sector, the Civil Service Commission (now OPM) was to administer the Act in the federal sector:

> Notwithstanding any other provision of this Act, the (Office of Personnel Management) is authorized to administer the provisions of this Act with respect to any individual employed by the United States (other than an individual employed in the Library of Congress, United States Postal Service, Postal Rate Commission, or the Tennessee Valley Authority).

29 U.S.C. § 204(f).

Pursuant to this Congressional directive, OPM (then the Civil Service Commission) issued a series of directives called Federal Personnel Manual (FPM) letters with in-

structions to federal agencies concerning application of the FLSA to federal employees. One of these FPM letters, FPM letter # 5–551–5 (*see* Defendants' Ex. 1), contains comprehensive instructions to federal agencies for the computation of overtime pay under the FLSA. These instructions have been codified at 5 C.F.R. § 551.513.

■■■ Among the many conflicts which have resulted between the provisions of Title 5 and the FLSA in computing pay entitlements under the dual system is the conflict regarding the computation of "hours of work," which effects the computation of overtime pay. It is a basic principle under the FLSA that periods of non-work, such as paid leave, holidays, or excused absences are not included in computing hours of work. *Boll v. Federal Reserve Bank,* 365 F.Supp. 637 (D.Mo.1973), *aff'd,* 497 F.2d 335 (8th Cir.1974); 5 C.F.R. § 551.401(b). In contrast, under Title 5, excused absences with pay during the time an employee would otherwise have been required to be on duty are included as hours of work.

■■■ The amount of overtime payable to a federal employee is dependent upon the definition of "hours worked," because under the FLSA overtime is available only when an employee had accumulated "hours of work" in excess of the applicable overtime standard. In view of this and other conflicts between Title 5 and the FLSA, OPM has provided that in computing employees' entitlements, separate computations should be made under each law and, to the extent that the FLSA provides the greater benefit, the employee is to receive that benefit.

Thus, under the present system, federal firefighters generally receive basic pay and standby pay for 72 hours weekly under Title 5, and overtime pay under the FLSA for all hours in excess of 53 hours weekly that the firefighters actually work. Federal firefighters are not compensated, under the current interpretation, for hours in excess of 53 that they would have worked but for annual leave, sick leave, court or military leave.

Plaintiffs contend that the four "leave with pay" statutes authorize the payment to federal firefighters of *all* pay they would have received had they worked, including all payments for FLSA overtime. It is the plaintiffs' contention that in enacting the "leave with pay" statutes, Congress intended to "insure that when federal employees took the paid leave which they had earned, they would be paid the same pay that they regularly and normally would have been paid if they had worked their regular schedule of hours instead of taking paid leave." Plaintiffs assert that "contrary to Congress' specific direction, the United States refuses to pay federal employees the same pay that they regularly would have earned," and that this refusal is a "misapplication of clear Congressional intent to guarantee that federal employees will not be penalized in their pay" for taking authorized, earned and accumulated annual leave, sick leave, court leave, or military leave. Plaintiffs' argument seems to rest mainly on a contention that Congressional intent was overwhelmingly clear and that the "leave with pay" statutes command the payment of FLSA overtime for hours not worked, although such payment is not authorized under the FLSA. A recent opinion of the Comptroller General of the United States supports the plaintiffs' position with respect to court leave and military leave, *see Matter of Overtime Compensation for Firefighters,* 62 Comp. Gen. 216 (1983), although an even more recent opinion, *Matter of Evans,* B–216640 (March 13, 1985) is adverse to the plaintiffs' argument with respect to annual and sick leave.

The OPM's position, however, is that plaintiffs cannot receive overtime compensation under the FLSA for periods of non-work, such as leave. Therefore, OPM has concluded that the "leave with pay" statutes under Title 5 only authorize the payment of Title 5 pay, that is, basic pay and premium standby pay. Annual and sick leave absences do not reduce the amount of basic or premium standby pay a firefighter receives under Title 5, nor do absences for court leave or military training. There-

fore, OPM contends that plaintiffs are receiving the full quantum of pay to which they are entitled. OPM argues that the "leave with pay" statutes do not authorize or require the payment of overtime pay which would have been available under the FLSA to firefighters if they had actually worked.

The sounder position is the position adopted by the OPM. Contrary to plaintiffs' assertions, there is no evidence of any clear Congressional intent on either side of this question. The simple use of the word "pay," on which plaintiffs place so much weight, is meaningless in terms of determining Congressional intent. A resolution, therefore, depends upon a delicate balancing of construction of the two statutes involved and an attempt to give the proper effect and meaning to both. OPM's interpretation gives effect to both statutes while resolving a potential conflict between them, whereas the plaintiffs' position would basically ignore the FLSA and give effect only to the provisions of Title 5. Faced with that choice, the Court must agree with the position of the OPM.

This Court is confronted with two statutes which cover much of the same area and at times may conflict. The OPM, confronted with the same choice, has chosen to administer the provisions of Title 5 and the provisions of the FLSA separately and independently of each other, insofar as possible. OPM's choice is consistent with the rules of statutory construction which this Court must follow:

> The courts are not at liberty to pick and choose among Congressional enactments, and when two statutes are capable of co-existence, it is the duty of the court, absent a clearly expressed Congressional intention to the contrary, to regard each as effective.

*Andrus v. Glover Construction Co.*, 446 U.S. 608, 618–19, 100 S.Ct. 1905, 1911, 64 L.Ed.2d 548 (1980), quoting *Morton v. Mancari*, 417 U.S.C. 535, 551 (1974). Unless there is a "positive repugnancy" between the two statutes such as they are in "irreconcilable conflict" both statutes are to be given effect. *Radzanower v. Touche*

*Ross & Co.*, 426 U.S. 148, 155, 96 S.Ct. 1989, 1993, 48 L.Ed.2d 540 (1976).

Here, the two statutes can obviously be read to co-exist. Title 5, which was enacted before the FLSA was amended to include federal employees, provides that federal employees in the position of these firefighters are entitled to a certain basic pay plus standby premium pay (in lieu of overtime) for the extra hours worked. Provisions of Title 5 provide that excused absences with pay during the time an employee would have otherwise been required to be on duty are included as hours of work. Title 5 does not, however, provide for the payment of any overtime pay until an employee has worked hours in excess of regularly scheduled hours. Thus, federal firefighters must work more than 72 hours in order to be entitled to any overtime under provisions of Title 5.

■ The FLSA, standing separately, provides that federal firefighters may be paid "overtime," in addition to their basic and standby pay under Title 5, for regularly scheduled hours within the 72 hour weekly tour of duty, but only if those hours are actually worked. The most obvious and reasonable construction of these two statutes, taken together, is the construction which the OPM has reached in its separate administration of the two laws. Thus, hours of leave taken for any reason do not reduce an employee's entitlement to basic and standby pay under Title 5, but those hours of leave are not included in the computation of FLSA overtime. The four "leave with pay" statutes do not change this conclusion in any way. They merely provide that an employee who takes annual leave, sick leave, court leave or military leave should receive any pay to which he is entitled. He cannot be entitled to FLSA overtime pay for hours not actually worked.

This interpretation is the only interpretation which allows both statutes to be given effect. Plaintiffs claim that the four "leave with pay" statutes authorize a payment for overtime which the FLSA specifically does not allow. Such an argument

converts the "leave with pay" statutes into "premium pay" provisions which would overrule the authoritative interpretation of the FLSA. In the absence of any indication of Congressional intent to give more weight to the provisions of Title 5 than to the FLSA, this Court will not infer authority to pay overtime where it does not exist.

■ Furthermore, OPM's construction of the statutes is entitled to special deference in this Court. 29 U.S.C. § 204(f) gives OPM the authority to administer the provisions of the FLSA with respect to federal employees. The legislative history of that section indicates that authority was vested in OPM to resolve any conflicts between Title 5 pay entitlements and the new FLSA entitlements. *See* H.R.Rep. No. 913, 93rd Cong., 2d Sess. 28 (1974), *reprinted in* U.S.Code Cong. and Adm.News 2838. OPM's role in resolving such conflicts and the meaning of the House Report cited above were discussed by two Representatives on the House floor:

> MR. HENDERSON (Chairman of the House Committee on Post Office and Civil Service): I assume that the [Civil Service] Commission [now OPM] will have the authority to determine who in the Federal work force is covered and how the existing provisions of law on overtime for Federal employees are going to be administered when in conflict with the provisions of the FLSA.
>
> * * * * * *
>
> MR. DENT (Chairman of the House Committee on Labor and Education, which developed the 1974 Amendments): Mr. Chairman, the gentlemen is absolutely correct.

120 Cong.Rec. 7335 (Mar. 21, 1974).

■ Thus, it is clear that OPM, as the Administrator of the FLSA in the federal sector, has the authority to resolve, in the first instance, any conflicts between the Title 5 and FLSA pay entitlements. OPM has performed this function by separately administering FLSA and Title 5 to the extent possible, by providing for separate computations of overtime entitlements under each law with each employee to receive whichever benefit is greater. 5 C.F.R. § 551.513. OPM's interpretation has led to its conclusion which plaintiffs attack in this action.

As the Supreme Court has noted:

> When faced with a problem of statutory construction, this Court shows great deference to the interpretation given the statute by the officers or agency charged with its administration. "To sustain the Commission's application of this statutory term, we need not find that its construction is the only reasonable one, or even that it is the result we would have reached had the question arisen in the first instance in judicial proceedings."

*Udall v. Tallman,* 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965); quoting *Unemployment Commission v. Aragon,* 329 U.S. 143, 153, 67 S.Ct. 245, 250, 91 L.Ed. 136 (1946).

The OPM has made a determination in the course of administering the FSLA that the "leave with pay" statutes do not authorize or require the payment of FLSA overtime compensation for hours not actually worked. OPM takes the position that the "leave with pay" statutes only require the payment of the full measure of Title 5 pay, that is, basic pay and standby premium pay. That position is reasonable and, as noted, gives effect to two statutes, not just one.

■ The Comptroller General has recently issued opinions which bear on this question, and this Court is entitled to consider these opinions. In *Matter of Overtime Compensation for Firefighters,* 62 Comp. Gen. 216 (1983) and in *Matter of Gipson,* B–208831 (April 15, 1983) (pl. Ex. 28), the Comptroller General determined that firefighters on paid authorized court or military leave were entitled to receive the full amount of their regular pay check, including GLSA overtime for regularly scheduled work. In one decision, the Comptroller General stated:

> There is nothing in the language of 5 U.S.C. § 6322 which restricts its application to compensation otherwise payable under Title 5, United States Code, and we are not aware of anything in the legisla-

tive history that would compel such a restrictive view.

*Matter of Overtime Compensation for Firefighters, supra*, at 218–19. The opinion concluded that 5 U.S.C. § 6322 provided authority to pay FLSA overtime which would not be authorized under the FLSA.

In a later opinion, however, the Comptroller General concluded that the same rationale did not apply to the annual and sick leave provisions. *Matter of Evans*, B–216640 (March 13, 1985). The Comptroller General held that absences for annual and sick leave do not constitute "hours of work" for the purpose of the FLSA, in accordance with earlier opinions of the Comptroller General, *Louis Pohopek*, 60 Comp.Gen. 493 (1981), *R. Elizabeth Rew*, 55 Comp.Gen. 1035 (1976). Therefore, the opinion concluded that overtime entitlement may be reduced for firefighters on annual or sick leave.

The Comptroller General distinguished its own earlier opinion by noting that the annual and sick leave provisions "do not contain the same language protecting against loss or reduction in pay as is contained in Section 6322 (court leave) and 6323 (military leave.)" The later opinion also noted that "the decision in 62 Comp. Gen. 216 regarding court leave did not treat such leave as 'hours of work' under the FLSA. Rather, we pointed out that Section 6322 of Title 5, United States Code, provides leave for jury duty without reduction or loss of pay to which otherwise entitled." The Comptroller General did not address any further the inherent inconsistency in these two rulings.

 This Court is not bound in any way by the opinions of the Comptroller General, nor is the Court persuaded by their logic. The Comptroller General does not have the authority to administer the pay provisions of the FLSA, as does the OPM, and as such is not entitled to the same deference as the OPM. Furthermore, the opinions of the Comptroller General are internally inconsistent. In *General Electric Co. v. Gilbert*, 429 U.S. 125, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976), the Supreme Court recognized that the consistency of an agency ruling with earlier and later rulings may be important in determining how much weight to accord an agency interpretation. In this case, the Comptroller General has attempted to distinguish his earlier ruling, but the Court is not convinced that there is any distinction. If hours of authorized leave, for any reason, are not "hours of work" for the purposes of FLSA overtime, then there is no entitlement to overtime pay for those hours of leave. That conclusion should stand regardless of minor differences in the wording of the four "leave with pay" statutes. Having considered the opinions of the Comptroller General, the Court does not find they are deserving of great weight.

Plaintiffs argue that because the OPM's interpretation of the FLSA has not been codified in regulations, that interpretation is not entitled to deference by this Court. That contention is without merit. In many cases where the administrative interpretation had not been reduced to a regulation, the Supreme Court has nevertheless recognized that the administrative interpretation is entitled to judicial deference. *See, e.g., Udall v. Tallman*, 380 U.S. 1, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965) (administrative construction of regulations), *General Electric Co. v. Gilbert*, 429 U.S. 125, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976) (EEOC interpretations). In *Skidmore v. Swift*, 323 U.S. 134, 140, 65 S.Ct. 161, 89 L.Ed. 124 (1944), the Court noted:

> We consider the rulings, interpretations, and opinions of the Administrator under this Act, while not controlling upon the Court by reason of their authority, to constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance. The weight of such a judgment in a particular case will depend upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control.

Similarly without merit is plaintiffs' contention that the OPM's interpretation is against clear Congressional intent. There is no manifestation of Congressional intent in the four "leave with pay" statutes. Plaintiffs' assertion that the word "pay" is of such common understanding as to constitute an indication of clear Congressional intent to pay FLSA overtime while on leave is frivolous. Nor is OPM's interpretation unreasonable. In fact, it is a very reasonable interpretation which gives effect to both Title 5 and FLSA and seems in accordance with the overall intent of Congress.

Plaintiffs have argued that under certain provisions of Title 5 and the accompanying regulations, federal employees may be entitled to overtime pay for any regularly scheduled overtime, regardless of whether the employee actually works the scheduled hours. Plaintiffs assert that 5 C.F.R. §§ 550.112 and 532.503(b)(1) allow federal employees to receive overtime pay when they are on annual and sick leave. Plaintiffs therefore contend that the OPM has not interpreted FLSA consistently with those Labor Department regulations, as it was directed by Congress. Plaintiffs have misinterpreted these regulations. The regulations merely provide that periods of leave will be considered hours of work and will not otherwise reduce an entitlement to overtime pay for overtime work performed at another time. For example, an employee who takes 8 hours of sick leave one day and works three extra hours the next day is still entitled to three hours worth of overtime pay. Contrary to plaintiffs' assertions, the regulations do not provide for employees to receive overtime pay for periods of non-work.

 In general, an employee may not be compensated for overtime work when he does not perform work during the overtime period. *See* 42 Comp.Gen. 195, 45 Comp. Gen. 710; 46 Comp.Gen. 217; 55 Comp. Gen. 629. Another example of the treatment of overtime under Title 5 is § 201 of the Federal Employees Pay Act of 1945, now 5 U.S.C. § 5542, which authorizes payment of overtime compensation "for all hours of employment, officially ordered or approved, in excess of 40 hours in an administrative work week or . . . in excess of 8 hours in a day, performed by an employee." The authorization for overtime in this section contemplates the actual performance of work in overtime hours. Leave is an absence during the basic 40 hour work week. Employees do not take leave during overtime hours. The regulations cited by plaintiffs do not support their claim of entitlement to overtime compensation for hours not worked.

Finally, plaintiffs argue that they are suing exclusively under the provisions of Title 5, and that the Court should ignore the provisions of the FLSA. Plaintiffs acknowledge, ingenuously, that they are not entitled to one penny of overtime pay under the FLSA but claim that they are entitled to that same pay under Title 5 alone. Plaintiffs' argument ignores the reality of their complaint. Plaintiffs seek to recover for overtime allegedly due to them under the FLSA. Title 5 does not provide for overtime compensation during the 72 hour work week, so plaintiffs' claim is obviously based upon the FLSA. Ignoring that, plaintiffs wish to pick and choose among the provisions of the FLSA while denying that the whole statute should be considered. The Court will not allow such a piecemeal approach to statutory construction.

The four "leave with pay" statutes guarantee to plaintiffs while on annual leave, sick leave, court leave or military leave, the payment of all compensation to which they are entitled. There is no provision under Title 5 or under the FLSA which entitles plaintiffs to overtime pay for hours not worked. Plaintiffs' arguments are without merit, and defendants are entitled to judgment as a matter of law.

Accordingly, plaintiffs' motion for summary judgment will be denied and defendants' motion for summary judgment will be granted.