RADER, Circuit Judge.
 

 Present and former border patrol agents appeal from the United States Claims Court’s final judgment which grew out of its grant of the Government’s motion for partial summary judgment.
 
 Acton v. United States,
 
 21 Cl.Ct. 214 (1990). The
 
 *1461
 
 held the Fair Labor Standards Act, 29 U.S.C. §§ 201-19 (1988) (FLSA), two-year statute of limitations applied to the agents’ back pay claims. This court reverses and remands.
 

 BACKGROUND
 

 The plaintiffs-appellants are 580 present and former border patrol agents employed by the Immigration and Naturalization Service (INS). The agents’ duties customarily require overtime. The agents claimed that the Government did not pay them their customary salary, including overtime, while they were on leave.
 
 Brooks v. Weinberger,
 
 No. 85-0016 (D.D.C. filed Jan. 3, 1985). Specifically, they claimed that the Government violated statutory obligations to pay employees full compensation under 5 U.S.C. § 6322 (court leave), 5 U.S.C. § 6323 (military leave), 5 U.S.C. § 6307 (sick leave), and 5 U.S.C. § 6303 (annual leave).
 

 Meantime, several federal firefighters filed a similar action in the United States District Court for the District of Maryland. The Maryland district court denied the employees’ claims to full compensation under Title 5 and the FLSA.
 
 Lanehart v. Devine,
 
 615 F.Supp. 1300 (D.Md.1985). The
 
 Lanehart
 
 plaintiffs appealed to this court. Pending resolution of the
 
 Lanehart
 
 appeal, the INS agents and the Government jointly moved to stay the District of Columbia district court action. The district court granted the motion.
 

 On May 14, 1987, this court issued its decision in
 
 Lanehart. Lanehart v. Horner,
 
 818 F.2d 1574 (Fed.Cir.1987). This court reversed the Maryland district court and held that the Title 5 leave-with-pay provisions prevent reductions in employees’ regular and customary pay, including overtime.
 
 Id.
 
 at 1583. The Maryland district court later approved a settlement under which the
 
 Lanehart
 
 plaintiffs received back pay for a six-year period.
 

 After
 
 Lanehart,
 
 the District of Columbia district court transferred this case to the Claims Court on March 29, 1989. The Claims Court set out to determine the quantum of back pay due to the agents. The applicable statute of limitations would provide the bounds of the recovery. The statute of limitations for FLSA actions is two years. 29 U.S.C. § 255(a) (1988). The statute of limitations for the Tucker Act claims under Title 5 is six years. 28 U.S.C. § 2501 (1988).
 

 The parties filed cross motions for partial summary judgment on whether these back pay claims arose under the FLSA or Title 5. The Claims Court granted summary judgment for the Government, holding that the two-year FLSA statute of limitations applies. 21 Cl.Ct. at 214. The parties subsequently filed a Stipulation of Partial Dismissal which resolved all other issues in this case, thus making the Claims Court’s decision appealable as a final judgment. This appeal deals only with the proper statute of limitations for this back pay case.
 

 DISCUSSION
 

 This court has jurisdiction over appeals from the Claims Court under 28 U.S.C. § 1295(a)(3). This court reviews
 
 de novo
 
 the Claims Court’s legal conclusions, such as application of the proper statute of limitations.
 
 See Chevron U.S.A., Inc. v. United States,
 
 923 F.2d 830, 833 (Fed.Cir.1991).
 

 In
 
 Lanehart,
 
 this court determined that FLSA overtime pay must include authorized leave time taken under the Title 5 leave-with-pay statutes.
 
 Lanehart,
 
 818 F.2d at 1582. Thus, FLSA overtime computations must include hours of paid leave under Title 5 as hours worked. “Hours of work” now include “hours of leave.” After
 
 Lanehart,
 
 the Office of Personnel Management (OPM) amended its regulations to count leave-with-pay periods as hours worked when computing FLSA overtime. 5 C.F.R. § 551.401 (1990);
 
 Acton,
 
 21 Cl.Ct. at 217 n. 4.
 
 Lanehart
 
 did not, however, set the proper statute of limitations for back pay claims.
 

 The Claims Court correctly recognized that the INS agents deserve “to have their overtime pay computed under the Fair Labor Standards Act_”
 
 Acton,
 
 21 Cl.Ct. at 215. The Claims Court, however, misread
 
 Lanehart
 
 as involving “FLSA over
 
 *1462
 
 time pay claims [and] not ... Title 5 overtime claims.”
 
 Id.
 
 at 222.
 
 Lanehart
 
 based the firefighters’ entitlement to additional overtime hours on Title 5, not the FLSA.
 
 Lanehart,
 
 818 F.2d at 1578, 1583. As in
 
 Lanehart,
 
 the claims in this case arose under the Title 5 leave-with-pay provisions.
 

 The Claims Court therefore erred when it used the statutory basis for calculating overtime, 29 U.S.C. § 207, to determine the statute of limitations applicable to this claim. Instead the Claims Court must use the statutory source of entitlement to the payment to determine the correct statute of limitations. In this case, Title 5 entitles the INS agents to additional overtime hours, and consequently, a recovery. This court in
 
 Lanehart
 
 based entitlement to additional overtime pay on the language of Title 5 §§ 6303, 6307, 6322, and 6323.
 

 In this ease, as in
 
 Lanehart,
 
 the Title
 
 5
 
 leave-with-pay provisions established the
 

 entitlement to additional overtime pay. Therefore, as in
 
 Lanehart,
 
 a six-year statute of limitations applies to these claims.
 
 *
 

 CONCLUSION
 

 This court reverses and remands the Claims Court’s judgment for calculation of additional overtime pay based on a six-year statute of limitations.
 

 COSTS
 

 Each party shall bear its own costs.
 

 REVERSED AND REMANDED.
 

 *
 

 In
 
 Armitage v. United States,
 
 22 Cl.Ct. 206 (1990), the Claims Court correctly applied a six-year statute of limitations to similar claims.