**Ruben S. ABUNDIS, et al., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

No. 22–88C.

United States Claims Court.

Oct. 17, 1988.

Thomas A. Woodley, Washington, D.C., for plaintiffs. Gregory K. McGillivary, of counsel.

Brian A. Mizoguchi, with whom were Asst. Atty. Gen. John R. Bolton, David M. Cohen, and Robert A. Reutershan, Washington, D.C., for defendant.

### ORDER

BRUGGINK, Judge.

This is an action for back pay brought by several hundred present or former federal employees. The employees allege they were unlawfully exempted from entitlement to overtime compensation under section 7(a) of the Fair Labor Standards Act, 29 U.S.C. § 207(a) (1982). The alleged denial of overtime pay resulted from plaintiffs' employing agencies' adherence to regulations promulgated by the Office of Personnel Management ("OPM"), the Government agency charged with administering the FLSA with respect to federal employees. *See id.* § 204(f).

Pending is defendant's motion to strike from plaintiffs' motion for partial summary judgment and related papers any reference to the Stipulation of. Settlement and Dismissal filed in *Owen D. Beatty v. Constance Horner,* Civ. No. 86–7980 HLH (C.D.Cal. May 10, 1988). Defendant argues that the references are an attempt to support the merits of plaintiffs' claims and are therefore prohibited by Rule 408 of the Federal Rules of Evidence. That rule provides, in relevant part:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount.

Defendant points to the strong public policy favoring out-of-court settlement and the ` general non-relevance of compromises as reasons to apply Rule 408 in this case. *See United States v. Contra Costa County Center Dist.,* 678 F.2d 90, 92 (9th Cir.1982); *LaDolce v. Bank Adm. Institute,* 585 F.Supp. 975 (D.Ill.1984); Fed.R.Evid. 408 advisory committee's note; 23 C. Wright & K. Graham, Federal Practice and Procedure § 5302 (1980); *see also* Fed.R.Evid. 402 (relevance).

Plaintiffs are attempting to introduce evidence of a settlement involving the Government and parties in a different lawsuit. On that basis, they attempt to distinguish Rule 408. While they are correct that a literal reading of the rule suggests an application solely to negotiations or compromises involving the claim being litigated, courts have not read the rule that narrowly. *Bradbury v. Phillips Petroleum Co.,* 815 F.2d 1356 (10th Cir.1987); *Hawthorne v. Eckerson Co.,* 77 F.2d 844, 847 (2d Cir.1935); *Scarmuzzo v. Glenmore Distilleries, Co.,* 501 F.Supp. 727 (N.D.Ill. 1980); 2 J. Weinstein & M. Berger, Weinstein's Evidence, ¶ 408[04], at 408–25 (1988). We agree. The rationale behind the rule, as explained in the advisory committee's note, applies full weight in circum-

stances in which a plaintiff attempts to introduce evidence of settlement involving the same defendant but a different plaintiff. If such evidence were routinely allowed in subsequent lawsuits, it would give any litigant pause before settling. Moreover, circumstances can vary between cases in ways that would make the settlement evidence irrelevant or confusing. *See also* Fed.R.Evid. 402.

 There is an exception to application of Rule 408, however, when the evidence of settlement is not offered to prove liability or damages, but for some other purpose, such as to show a defendant's intent to commit fraud, or to demonstrate a continuous course of reckless conduct. *See Bradbury*, 815 F.2d 1356, 1363 (10th Cir. 1987). Plaintiffs argue that such an exception exists here. They contend that the district court approved the stipulation of the parties because it was fair and appropriate, and therefore that the identically-situated plaintiffs here deserve the same treatment. Plaintiffs' proffered reasons for use of the *Beatty* stipulation, however characterized, relate directly to liability and to remedy. Given the fact that the OPM regulations in question have already been vacated by the court in *American Fed'n of Gov't Employees v. Office of Personnel Management*, 821 F.2d 761 (D.C.Cir.1987), one of the primary questions remaining is whether OPM can retroactively reclassify positions as exempt. Plaintiffs' argument that a settlement in another case demonstrates that back pay is "fair and appropriate" obviously relates to liability. This is demonstrated clearly by plaintiffs' attempted use of the *Beatty* settlement as a reason to award plaintiffs partial summary judgment on the liability portion of their back pay claim here. No exception to Rule 408 applies.

Plaintiffs' final argument against application of Rule 408 is that since the *Beatty* settlement was memorialized in a court order which appears as a public record, the rationale behind the rule does not apply. They argue that no precedent exists for applying Rule 408 in this context. Given the fact that the rule does not make the distinction drawn by plaintiffs, the more appropriate inquiry would be, is there any precedent supporting plaintiffs' position? Plaintiffs offer none, and the court is not aware of any. Analytically, the fact that the settlement appears of record would not seem to satisfy any of the concerns embodied in Rules 402 or 408.

For the above reasons defendant's motion to strike is granted. Plaintiffs may not offer or rely on evidence of the *Beatty* settlement. The Clerk will remove the declaration of Thomas W. Woodley, along with attachments, from plaintiffs' proposed findings of uncontroverted fact, and the court will not consider other references to the *Beatty* settlement.

It is so ORDERED.