**Mark ACTON, et al., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

No. 269–89C.

United States Claims Court.

Aug. 1, 1990.

Thomas A. Woodley, Washington, D.C., for plaintiffs. Gregory K. McGillivary and Neil I. Ditchek, of counsel.

Stephen J. McHale, Washington, D.C., with whom were Evelyn M. Korschgen, Asst. Atty. Gen., Stuart M. Gerson and Director David M. Cohen, for defendant. Wade Plunket, Office of Personnel Management and Michael J. Coster, I.N.S., of counsel.

## OPINION

LYDON, Senior Judge:

This civilian pay case is before the court on the parties' motions for summary judg-

ment, pursuant to RUSCC 56(c).[1] The parties' dispute centers on the proper statute of limitations to be applied when plaintiffs seek overtime pay relative to leave taken under the "leave with pay" provisions of Title 5 of the United States Code (U.S.C.). Plaintiffs, 685 in number, allege that a six-year statute of limitations should apply (28 U.S.C. § 2501), and defendant maintains that a two-year statute of limitations (29 U.S.C. § 255(a)) should apply.[2]

■ Overtime claims covered by the FLSA are subject to the two-year FLSA statute of limitations. (29 U.S.C. § 255(a)). *See Beebe v. United States*, 226 Ct.Cl. 308, 323–24, 640 F.2d 1283, 1285 (1981); *Harris v. United States*, 13 Cl.Ct. 363, 366 (1987). While the six-year statute of limitations is generally applicable to claims brought in this court (28 U.S.C. § 2501), FLSA overtime claims filed in this court are subject to the two-year FLSA statute of limitations and not the six-year limitations period set out in 28 U.S.C. § 2501. *Beebe, supra*, 226 Ct.Cl. at 324, 640 F.2d at 1285; *Harris, supra*, 13 Cl.Ct. at 366. Title 5 overtime claims are subject to the court's six-year limitations period. *See Ater v. United States*, 6 Cl.Ct. 344, 348–49 (1984); *McConnell v. United States*, 5 Cl.Ct. 785, 788–89 (1984); *Bevelheimer v. United States*, 4 Cl.Ct. 558, 561 (1984). The dispute between the parties centers on whether the overtime claims presented by plaintiffs arise under Title 5 or Title 29 (FLSA). After careful consideration of the materials before the court, and the oral arguments of counsel on July 26, 1990, the court grants defendant's motion for summary judgment.

FACTS

Plaintiffs are present or former border patrol agents employed by the Immigration and Naturalization Service (INS), a division of the Department of Justice. As border patrol agents, plaintiffs' duties require substantial amounts of overtime, including irregular, unscheduled overtime work for which they receive compensation under 5 U.S.C. § 5545(c)(2). Section 5545, a provision of the Federal Employees Pay Act (FEPA or Title 5), provides for premium pay for irregular, unscheduled overtime, also known as "administratively uncontrollable" overtime. There is also another provision in Title 5, section 5542, which provides for the payment of overtime compensation for work performed in excess of forty hours per workweek. Plaintiffs are also entitled to have their overtime pay computed under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–219 (1982), unless they are otherwise exempt under 29 U.S.C. § 213.[3] Section 207(k) of the FLSA

1. This case was initially filed in the United States District Court for the District of Columbia on January 3, 1985, and subsequently was transferred to this court on March 29, 1989. In their Claims Court complaint, however, plaintiffs persist in relying on district court jurisdictional statutes. The correct statute invoking the court's jurisdiction is 28 U.S.C. § 1491, not 28 U.S.C. § 1346, et al. Moreover, in their supplemental brief and at oral argument plaintiffs cited another district court statute, 28 U.S.C.A. § 2401, as the applicable statute of limitations for claims against the government when in fact the correct applicable statute of limitations in this court is 28 U.S.C. § 2501. Furthermore, it is not without significance that plaintiffs' complaint alleges violations of the FLSA. For example, the complaint contains allegations of "defendant's willful and unlawful violations" of plaintiffs' statutory right to overtime pay. A "willful" violation of the FLSA can result in increasing the FLSA's statute of limitations from two to three years. *See* 29 U.S.C. § 255(a). No similar provision exists in Title 5. Parenthetically, plaintiffs alternatively do not argue for a three-year statute of limitations if the

court should find their claims subject to the FLSA. Moreover, the complaint seeks liquidated damages, also available only under the FLSA. *See* 29 U.S.C. § 216. However, in their brief and at oral argument, plaintiffs insist they are not seeking overtime compensation under the FLSA.

2. The parties have advised the court that they have settled the claims of plaintiffs covering the period of time within the ambit of the two-year statute of limitations. Settlement of the remainder of the claim period depends on the outcome of the limitations question decided herein.

3. The FLSA was amended in 1974 to apply to most federal employees. "Under the 1974 Amendments, the federal government, as employer, was brought within the coverage of the [FLSA] and, in general, federal employees became entitled under the FLSA to overtime compensation for any workweek that exceeded forty hours." *Lanehart v. Horner*, 818 F.2d 1574, 1575 (Fed.Cir.1987). *See* 29 U.S.C. § 203. The Office of Personnel Management (OPM) was authorized by Congress, pursuant to 29 U.S.C.

provides overtime compensation to federal employees who are firefighters or engaged in law enforcement activities, including border patrol agents, and who work in excess of eighty-five and one-half hours in a two-week period. 29 U.S.C. § 207(k).

■ As is evident, federal employees have available two separate statutes for purposes of overtime compensation, the so-called FEPA or Title 5 overtime and FLSA overtime. The interrelationship between these two acts entitling federal employees to overtime compensation, the Federal Employees Pay Act (FEPA or Title 5) and the FLSA, must be kept in mind when considering plaintiffs' arguments in this case. "Under this dual coverage, where there is an inconsistency between the statutes, employees are entitled to the greater benefit." *Agner v. United States*, 8 Cl.Ct. 635, 636 (1985), *aff'd*, 795 F.2d 1017 (Fed.Cir.1986). *See also Lanehart v. Horner*, 818 F.2d 1574, 1576, 1577 n. 12 (Fed.Cir.1987) (recognizing that OPM would compute overtime pay under whichever statute, Title 5 or the FLSA, would provide the greater employee benefit); 54 Comp.Gen. 317 (1971). In other words, an employee is entitled to have his or her overtime determined under the provisions of the overtime statute which provides the greatest economic benefit.

In the case at bar, it appears that plaintiffs under Title 5 had, at all times material herein, paid leave time considered as hours worked for Title 5 overtime entitlement purposes since such a computation under Title 5 generally would generally produce a greater economic benefit than would an FLSA overtime computation where such computation treated paid leave as nonwork hours. However, if such FLSA overtime computation considered paid leave as hours worked then the FLSA overtime computation, because of other considerations present in the FLSA, generally would provide greater economic benefits. Accordingly, in this situation, it would be to plaintiffs' best economic interest to seek overtime under the FLSA rather than under Title 5 provisions. This serves to explain why plaintiffs seek to have the economic

benefits of the FLSA apply in this case. However, because of the FLSA two-year statute of limitations, plaintiffs argue that their right to overtime compensation originates in the leave with pay provisions of Title 5 and not in the overtime provisions of Title 5 or the overtime provisions of the FLSA. In taking this position, plaintiffs hope to obtain the benefits of the FLSA overtime provisions but avoid the FLSA statute of limitations.

Plaintiffs admit they are currently being paid their overtime compensation under Title 5. Plaintiffs seek to have their entitlement to overtime pay recalculated pursuant to FLSA overtime provisions, since plaintiffs would likely receive a greater economic benefit under FLSA rather than Title 5 overtime provisions. Plaintiffs want to avoid the two-year statute of limitations applicable to FLSA claims, however, by characterizing their overtime pay claims as claims arising under the Title 5 leave with pay provisions.

Under the "leave with pay" provisions of Title 5, plaintiffs are entitled to receive regular pay for leave taken to fulfill jury or military duty, as well as for annual, sick or holiday leave. Hours of leave taken pursuant to the Title 5 leave with pay provisions have consistently been counted as hours of work for the purpose of computing plaintiffs' entitlement to Title 5 overtime pay. *See* 5 C.F.R. § 550.112(c). For example, an employee who worked only a forty hour work week would not be entitled to overtime. If one day of that work week was a holiday, the employee who did not work the holiday (he was on leave) would receive his regular pay for that leave day. However, if he worked on Saturday, the sixth day of the week, the holiday would be viewed as a work day for overtime determinations. Thus the employee would be deemed to have worked forty-eight hours that week entitling him to eight hours overtime for work on Saturday. Under the FLSA, however, hours of authorized leave were not counted as hours worked for the purpose of computing plaintiffs' entitlement to FLSA overtime until the Federal

§ 204(f), to administer the FLSA in the federal

sector. *See Lanehart, supra*, 818 F.2d at 1578.

Circuit's decision in *Lanehart v. Horner*, 818 F.2d 1574 (Fed.Cir.1987).[4] Thus in the example above, since the employee did not work on the holiday he was not entitled to overtime under the pre-*Lanehart* FLSA because he only worked forty hours during the six-day workweek. *Lanehart* held that the leave with pay provisions of Title 5 prevent any reduction in FLSA overtime pay when federal firefighters are on authorized leave under Title 5 leave with pay provisions. Moreover, when the Office of Personnel Management (OPM) promulgated regulations implementing *Lanehart,* it declined to limit *Lanehart* to federal firefighters, because OPM felt *Lanehart's* rationale would apply to any similarly situated federal employee who receives additional compensation for overtime work. *See* 53 Fed.Reg. 27,147 (July 19, 1988).

Plaintiffs' complaint alleges that defendant has refused to pay plaintiffs additional overtime pay as a result of the utilization of leave hours with pay under 5 U.S.C. §§ 6104, 6303, 6307, 6322 and 6323 ("leave with pay" provisions). Plaintiffs contend they are entitled to receive overtime pay as a result of leave taken pursuant to jury or witness service (§ 6322), military leave (§ 6323), sick leave (§ 6307), annual leave (§ 6303) and holiday leave (§ 6104). The issue of liability has been settled in plaintiffs' favor. Defendant concedes that plaintiffs are entitled to have their FLSA overtime pay computed in accordance with the *Lanehart* decision. Plaintiffs admit that they are "currently being paid their overtime compensation when they take leave in accordance with the 'leave with pay' provisions of Title 5." Ostensibly, plaintiffs are currently being paid the overtime compensation to which they are entitled, and which they have consistently received, under 5 U.S.C. § 5545(c)(2), even prior to *Lanehart. Lanehart* had no impact on Title 5 overtime provisions, such as 5 U.S.C. § 5545, since leave hours have consistently been counted as hours of work for Title 5 overtime calculations. Thus, plaintiffs find themselves in a quandary.

Although plaintiffs would likely receive the greater pay benefit under the FLSA overtime provisions than under the Title 5 overtime provisions, the FLSA's two-year statute of limitations would reduce their potential recovery in this court. Therefore, plaintiffs try to avoid relying on *either* FLSA or Title 5 overtime provisions. Instead, plaintiffs read Title 5 leave with pay provisions as providing the only source of overtime entitlement relative to their disputed pay claims. Hence, plaintiffs seek to avail themselves of this court's six-year limitations period, 28 U.S.C. § 2501, applicable to most claims in this court, including Title 5 pay claims. Therefore, the sole remaining issue in dispute is whether plaintiffs should be paid for two years or six years prior to the date their claims were filed.

In order to place plaintiffs' overtime pay claims in proper perspective, the following salient facts must be kept in mind. Prior to *Lanehart,* Title 5 overtime determinations *did* include treatment of leave with pay hours as hours worked for Title 5 overtime determinations. In contrast, prior to *Lanehart,* FLSA overtime determinations *did not* include treatment of leave with pay hours as hours worked for FLSA overtime determinations. Accordingly, prior to *Lanehart,* there were no leave with pay problems when overtime was sought under the overtime provisions of Title 5. *Lanehart,* as indicated above, in effect required that the same treatment be accorded plaintiffs who sued under the FLSA, that is, leave with pay hours were to be considered in determining entitlement to FLSA overtime. The above facts must be kept in mind when considering the arguments plaintiffs make in this case.

Plaintiffs do not seek overtime pay under the overtime provisions of Title 5, and plaintiffs disavow any claim for overtime under the FLSA. Instead, plaintiffs read into the leave with pay provisions of Title 5 (§§ 6104, 6303, 6307, 6322, and 6323) authority to claim overtime pay in this case.

---

4. In 1987, after *Lanehart* was decided, regulations implementing the FLSA were amended to provide that, in determining entitlement to

FLSA overtime, leave with pay periods under Title 5 were to be counted as hours of work. *See* 5 C.F.R. § 551.401 (1990).

Plaintiffs admit, however, that the language of the leave with pay provisions of Title 5, *in haec verba*, do not provide for or refer to overtime.[5]

Plaintiffs rely on *Lanehart*, the OPM regulations, and the Comptroller General decision to support their argument that their overtime pay claims arise only under the leave with pay provisions of Title 5, and not under the overtime provisions of Title 5 (§§ 5542, 5545), or under the FLSA. Plaintiffs insist that they are not entitled to, and do not seek, overtime compensation under the FLSA. Plaintiffs emphasize that their entitlement to overtime pay arises solely from the leave with pay provisions of Title 5, and not from the overtime provisions of Title 5 or the FLSA. Plaintiffs characterize *Lanehart* as a Title 5 leave with pay overtime case, and they argue that *Lanehart* clearly supports their interpretation of the leave with pay provisions of Title 5 as providing the basis for their entitlement to overtime pay. Therefore, plaintiffs argue that the FLSA's two-year statute of limitations should not apply. In addition, plaintiffs insist that, since the plaintiffs in *Lanehart* were allowed to recover overtime pay dating back six years from the date their claims were filed, the same six-year limitations period should apply in this case. Defendant relies on *Lanehart* and OPM regulations to argue that plaintiffs' claims arise under the FLSA, not under Title 5, and therefore the FLSA's two-year statute of limitations should apply here.

## DISCUSSION

■ The sole issue before the court is whether a two-year or a six-year statute of limitations applies to plaintiffs' overtime pay claims. Both parties have moved for summary judgment on the limitations issue. When there are no material facts in dispute, the court can resolve questions of law by summary judgment. *D.L. Auld Co. v. Chroma Graphics Corp.*, 714 F.2d 1144, 1146 (Fed.Cir.1983). In view of the absence of a material factual dispute in this case, the court finds that the statute of limitations issue before it is a legal issue that can be resolved by summary judgment.

In general, federal employees are entitled to overtime compensation under sections 5542 and 5545 of the Federal Employees Pay Act (FEPA or Title 5), and section 7 of the FLSA. *See Agner, supra*, 8 Cl.Ct. at 636. Under section 5542 of Title 5, employees receive overtime pay for work "in excess of 40 hours in an administrative workweek, or ... in excess of 8 hours in a day." Section 5545 of Title 5 requires, *inter alia*, premium pay for "administratively uncontrollable" overtime. Section 207 of Title 29 (the FLSA) requires overtime pay "for a workweek longer than forty hours." When the overtime provisions of Title 5 and Title 29 (FLSA) are inconsistent, federal employees are entitled to have their overtime pay calculated under the statute that provides the greatest pay benefit. *See Agner, supra*, 8 Cl.Ct. at 636.

Because the duties of border patrol agents require plaintiffs to work substantial amounts of irregular, unscheduled overtime, they receive overtime pay under 5 U.S.C. § 5545(c)(2) (administratively uncontrollable overtime) rather than under 5 U.S.C. § 5542 (workweek in excess of forty hours). Plaintiffs emphasize, however, that they do not rely on section 5545, section 5542 or any other overtime provision to support their claimed entitlement to additional overtime compensation. Rather, plaintiffs rely solely on the Title 5 leave

---

**5.** It is clear that the Title 5 leave with pay provisions do not provide for or refer to overtime. For example, an employee who works eight hours per day Monday through Saturday, but takes holiday leave on Wednesday, "is entitled to the same pay for that day as for a day on which an ordinary day's work is performed." 5 U.S.C. § 6104. There is no provision for the payment of overtime per se. In plaintiffs' view, the employee would be entitled to overtime pay for the holiday leave hours taken on Wednes-

day, as well as for the eight hours worked on Saturday. It is clear that, after *Lanehart*, the employee would be entitled to overtime pay for the eight hours worked on Saturday since the Wednesday holiday leave would be counted as part of the total hours worked for that week (48) in determining FLSA overtime. Plaintiffs' view, however, that the employee should receive overtime for the holiday leave is *not supported* by *Lanehart*.

with pay provisions, which they claim entitle them to overtime pay when read in conjunction with the Federal Circuit's decision in *Lanehart, supra. Lanehart* held that the leave with pay provisions of Title 5 prevent any reduction in FLSA overtime pay when federal firefighters are on authorized leave pursuant to the leave with pay provisions of Title 5. *Lanehart, supra,* 818 F.2d at 1583.

Plaintiffs concede that they "are currently being paid their overtime compensation when they take leave in accordance with the 'leave with pay' provisions of Title 5." Ostensibly, plaintiffs are already receiving the maximum overtime compensation to which they are entitled under 5 U.S.C. § 5545, and thus plaintiffs are seeking additional overtime pay that may result from a recalculation of their entitlement to overtime pay under the FLSA overtime provisions. This is a reasonable conclusion in light of the fact that *Lanehart* had no impact on Title 5 overtime provisions, because under Title 5 hours of leave have consistently been counted as hours worked for the purpose of calculating overtime entitlement under Title 5. In contrast, prior to *Lanehart* FLSA overtime provisions excluded hours of leave from total hours worked for overtime computation purposes. *Compare* 5 C.F.R. § 550.112(c) (1987) *with* 5 C.F.R. § 551.401(b) (1987). Moreover, as stated above, when the overtime provisions of Title 5 (§§ 5542, 5545) and the FLSA (§ 207(k)) are inconsistent, employees are entitled to utilize the statutory overtime provisions of either Title 5 or Title 29 (FLSA), whichever provides them with the greatest economic benefits. *See Agner, supra,* 8 Cl.Ct. at 636; *Lanehart, supra,* 818 F.2d at 1576; 54 Comp.Gen. 371 (Nov. 12, 1974).

Thus, plaintiffs rely *only* on the leave with pay provisions of Title 5, from which they infer an entitlement to overtime compensation as a result of *Lanehart.* However, the leave with pay provisions of Title 5 do not, *in haec verba* or otherwise, provide a basis for overtime compensation. Since *Lanehart* had no impact on any provision of Title 5, and since plaintiffs concede that they are currently being paid their Title 5 overtime compensation under section 5545(c)(2) when they take leave with pay pursuant to the leave with pay provisions of Title 5, presumably plaintiffs are seeking to have their entitlement to overtime recalculated under the FLSA overtime provisions. Indeed, plaintiffs' counsel conceded at oral argument that plaintiffs' entitlement to overtime pay must be mathematically calculated under FLSA provisions. Therefore, plaintiffs' overtime claims can only arise under the FLSA, and the FLSA two-year statute of limitations serves to limit plaintiffs' recovery in this court to two years prior to the date their claims were filed. As set forth above, the court does not view this case as complex or difficult, but the parties' briefs leave much to be desired in terms of clarifying the statute of limitations issue—the sole issue before the court.

Plaintiffs rely on *Lanehart,* OPM regulations, and a decision of the Comptroller General's office to support their position that their overtime pay claims are Title 5 claims, not FLSA claims, and therefore a six-year statute of limitations should apply rather than the FLSA's two-year statute of limitations. Plaintiffs' main argument is that *Lanehart's* impact on the leave with pay provisions of Title 5 is such that these leave with pay provisions must now be read as entitling plaintiffs to the FLSA overtime compensation that was not paid prior to *Lanehart.* As stated above, prior to *Lanehart,* FLSA overtime provisions excluded leave hours from the total number of hours worked when calculating overtime hours worked. Plaintiffs reach this conclusion by reading *Lanehart* as a case involving Title 5 pay claims, and by characterizing the defendant's argument in *Lanehart* as identical to defendant's argument here.[6]

---

6. After oral argument, and by leave of the court, plaintiffs filed, as supplemental authority, excerpts from the amended complaint in *Lanehart* that was filed in federal district court. Ostensibly, plaintiffs submitted the excerpts to support

their contention that the pay claims in *Lanehart* were premised on Title 5 leave with pay provisions. Plaintiffs argue that the Title 5 leave with pay provisions are the sole statutory basis for their entitlement to overtime pay. As plain-

In *Lanehart*, the Federal Circuit held that the leave with pay provisions of Title 5 prevent any reduction in overtime pay under the FLSA when federal firefighters are on leave pursuant to §§ 6303, 6307, 6322 and 6323. The statute of limitations issue now before the court was not at issue and therefore was not discussed in *Lanehart*. The leave with pay provisions in *Lanehart* are the same ones at issue here, with the exception of the holiday pay provision, § 6104, at issue here but not in *Lanehart*.[7]

In *Lanehart*, federal firefighters sought to have the Title 5 leave with pay provisions interpreted in a manner that would overcome the FLSA overtime provision, which did not entitle them to overtime pay for hours not actually worked due to leave taken. The Federal Circuit explained the problem as follows:

> [A] federal firefighter regularly scheduled for a tour of duty of 144 hours who takes authorized "leave with pay" is treated as incurring a reduction in FLSA overtime pay. Basic and premium compensation received for the work period remain unaffected because under Title 5 authorized "leave with pay" is included as hours of work. FLSA overtime, on the other hand, is correspondingly reduced by the number of hours of "leave with pay" because only those hours during which the employee is actually on duty are included as hours worked for the purpose of FLSA overtime.

*Lanehart, supra*, 818 F.2d at 1576 (footnote omitted). The government argued in *Lanehart* that the firefighters were not entitled to any overtime pay under the FLSA for paid hours not worked due to leave taken pursuant to the leave with pay provisions of Title 5. In rejecting the government's position, the Federal Circuit ultimately interpreted the meaning of "pay" in the leave with pay provisions of Title 5 to encompass "the total compensation or remuneration normally and regularly received by an employee," including overtime pay, notwithstanding the FLSA overtime provision that excludes authorized leave from the definition of "hours worked" for the purpose of calculating overtime hours. The Federal Circuit concluded:

> Accordingly, we hold that the "leave with pay" statutes in their purpose and effect prevent any reduction in the customary and regular pay of the appellants, *including overtime pay under Title 29* [the FLSA] to which they would be entitled, when appellants are on authorized leave under sections 6303, 6307, 6322 and 6323.

*Lanehart, supra*, 818 F.2d at 1583 (footnote omitted) (emphasis added).

The *Lanehart* case, as indicated earlier, did not involve the statute of limitations. The totality of that opinion supports the view that the FLSA was applicable to firefighters and all federal employees who sought overtime compensation. *See Beebe*,

tiffs point out, the *Lanehart* complaint alleges only violations of Title 5 leave with pay provisions. However, the *Lanehart* complaint does not mention overtime—it merely alleges that the *Lanehart* plaintiffs have not been paid the same pay they would normally and regularly receive had they worked their normal schedule. Moreover, the *Lanehart* complaint has now been merged into the judgment of the Federal Circuit, and it is the judgment in which the court must place reliance. A judgment in plaintiffs' favor has been held to extinguish their claim, which merges into the judgment granting relief. *See Cooper v. Federal Reserve Bank of Richmond*, 467 U.S. 867, 874, 104 S.Ct. 2794, 2798, 81 L.Ed.2d 718 (1984); *Chromalloy American Corp. v. Kenneth Gordon (New Orleans), Ltd.*, 736 F.2d 694, 696 (Fed.Cir.1984); *Amsden v. United States*, 146 Ct.Cl. 809, 812, 175 F.Supp. 147, 148 (1959). It is the *Lanehart* decision that is im-

portant, not excerpts from the complaint in the District Court.

7. The Office of Personnel Management (OPM) issued FPM Letter 551–22 on December 23, 1987, to provide guidance to agencies implementing the interim regulations published in the Federal Register as a result of *Lanehart*. The letter indicated that the interim regulations encompass paid absences from work under § 6305 (home leave and shore leave), § 6326 (funeral leave), and § 6102 (holidays) of Title 5, in addition to the leave with pay provisions at issue in *Lanehart*. However, § 6102 was repealed in 1972, and it is likely that OPM meant to cite § 6104, at issue here, which covers holiday pay. *See* 52 Fed.Reg. 47,687 (Dec. 16, 1987) (adopted without change as final rule in 53 Fed.Reg. 27,147 (July 19, 1988)).

*supra,* 226 Ct.Cl. at 312, 640 F.2d at 1285. Prior to *Lanehart,* overtime compensation under the FLSA was not paid for hours not worked. Thus, if an employee was on leave during his weekly tour of duty, those hours of leave could not be utilized in determining when or whether he was entitled to overtime for that weekly period. For example, if an employee worked eight hours per day on Monday, Tuesday, Wednesday, Thursday, Friday and Saturday, but was on paid leave for eight hours on Wednesday, before *Lanehart* the employee would be entitled to no overtime pay because the employee only *worked* forty hours that week. Since the employee performed no work on Wednesday, a paid leave day, the employee, prior to *Lanehart,* was not entitled to include the eight hours of paid leave as part of his weekly tour of duty for FLSA overtime computation purposes. Parenthetically, as noted earlier, overtime in this situation, while not paid under the FLSA, was paid under 5 U.S.C. § 5542(a) (workweek in excess of forty hours). Since the employee in the above example only *worked* forty hours during that week, he was held not entitled to FLSA overtime. *Lanehart* changed this situation. *Lanehart* held that paid leave, or leave with pay, under the various statutes cited above, was to be considered as hours worked for purposes of computing FLSA overtime compensation. In the example above, considering the hours of paid leave to be hours of work for FLSA overtime computation purposes, the employee would be deemed to have worked forty-eight hours during that week entitling said employee to eight hours of overtime compensation.[8]

Plaintiffs' efforts in their briefs and at oral argument to read into *Lanehart* support for their position that the FLSA provisions have no application to their claims for additional overtime compensation are misplaced. *Lanehart* clearly held that for FLSA overtime computation purposes leave with pay statutes required that leave with pay hours be deemed hours of work for overtime entitlement purposes. Plaintiffs' position would lead to an untenable result, as illustrated by reference to the above hypothetical example. At oral argument, plaintiffs' counsel insisted that, in plaintiffs' view, when *Lanehart* is read in conjunction with the Title 5 leave with pay provisions, plaintiffs must be paid *overtime,* not just their regular rate of pay, for leave taken on Wednesday, when there is no Saturday work. The *Lanehart* court could not have intended this illogical result. Federal employees, absent other considerations, are not paid overtime compensation for holidays or annual leave days. Leave on those occasions results in regular compensation, not overtime compensation. Indeed the language of the paid leave provisions relied on by plaintiffs clearly states that compensation for leave under the paid leave statutes is "ordinary" pay, not overtime pay. *See, e.g.,* 5 U.S.C. § 6104 (holiday pay is same pay as "ordinary day's work"); 5 U.S.C. §§ 6322, 6323 (for jury or military duty, leave "without loss of or reduction in pay").

Moreover, plaintiffs' argument that the government's position here is the same one rejected by the *Lanehart* court is unfounded. As explained above, in *Lanehart* the government argued that the firefighters were entitled to *no* additional overtime under the FLSA because the provisions of the FLSA stated that no overtime was due for hours not worked. This position meant that the leave with pay provisions could not be utilized in overtime entitlement computation. This position was rejected by the Federal Court in *Lanehart.* In rejecting this argument, *Lanehart* court held that hours of paid leave must be counted as hours of work for determining entitlement to FLSA overtime pay. In view of *Lanehart,* the government here concedes that plaintiffs are entitled to have hours of paid leave counted as hours worked for FLSA overtime computation purposes. Defendant's position is that plaintiffs' claims for

---

8. While the application of this process was more complicated in *Lanehart* because of the uncommon tours of duty of firefighters, the above example, it is believed, fairly portrays in a general but oversimplified way the situation of plaintiffs in this case both before and after *Lanehart.*

overtime pay arise under the FLSA, and are therefore subject to the FLSA's two-year statute of limitations.

The relationship between the FLSA and the leave with pay provisions of Title 5 was mentioned several times by the Federal Circuit in *Lanehart*. The issue first arose when the court stated plaintiffs' position as follows: "the [plaintiffs] do not seek, and admit they are not entitled to, additional FLSA overtime compensation." *Lanehart, supra*, 818 F.2d at 1578. Later in the opinion, the court suggested that plaintiffs' claims arose under the FLSA when it stated that "we must also determine whether the 'leave with pay' statutes should be construed as covering *compensation arising under a different title*." *Lanehart, supra*, 818 F.2d at 1582 (emphasis added). Moreover, *Lanehart* holds that "the 'leave with pay' statutes in their purpose and effect prevent any reduction in the customary and regular pay of the appellants, *including overtime pay under Title 29 [the FLSA]* to which they would be entitled, when appellants are on authorized leave under sections 6303, 6307, 6322 and 6323." *Lanehart, supra*, 818 F.2d at 1583 (footnote omitted) (emphasis added).[9]

Clearly, the Federal Circuit viewed plaintiffs' overtime claims in *Lanehart* as FLSA overtime pay claims, not as Title 5 claims. The OPM reached the same conclusion when it indicated, in FPM Letter 551–22 (Dec. 23, 1987), that *Lanehart* involved FLSA claims, by stating that the *Lanehart* "Court specifically concluded that the Title 5 'leave with pay' statutes must be construed as covering compensation under a different statute—*e.g.*, the Fair Labor Standards Act."

Plaintiffs recognize that Title 5 contains express overtime provisions, *i.e.*, § 5542 and § 5545, and plaintiffs admit that they receive overtime pay pursuant to § 5545.

Plaintiffs also do not contest the fact that the paid leave provisions they rely on in this case were utilized in the overtime computations under the Title 5 overtime provisions. However, plaintiffs insist that they are entitled to overtime pay *only* pursuant to the Title 5 "leave with pay" provisions, even though plaintiffs' counsel conceded at oral argument that these leave with pay provisions contain no explicit reference to overtime pay, and that plaintiffs' entitlement to overtime pay should be calculated under FLSA overtime provisions.

The court agrees with defendant's position that plaintiffs' pay claims arise under the FLSA, not under Title 5. *Lanehart* and the subsequent OPM regulations (5 C.F.R. § 551.401) require that hours of paid absence be counted as if they were "hours of work" for the purpose of determining FLSA overtime entitlement. Because hours of paid absence have consistently been credited as hours worked for the purpose of determining Title 5 overtime (*see* 5 C.F.R. § 550.112(c)), plaintiffs' overtime pay claims can only arise under the FLSA. As defendant explains, plaintiffs have been paid all the Title 5 overtime to which they are entitled—the parties' dispute is whether plaintiffs are entitled to *additional* overtime pay based on a recalculation and a re-determination of plaintiffs' entitlement under 29 U.S.C. § 207, the FLSA overtime provision. Thus, the FLSA's two-year statute of limitations is the correct statute of limitations to apply here.

Plaintiffs also rely on a 1989 decision of the Comptroller General which, pursuant to *Lanehart*, authorized all federal firefighters to file overtime pay claims for leave taken, subject to a six-year statute of limitations. It is to be noted at the outset that the six-year Barring Act statute of limitations controls Comptroller General rulings, 31 U.S.C. § 3702(b), whereas the six-year

---

9. Plaintiffs rely on excerpts from the *Lanehart* opinion to support their theory that *Lanehart* was a Title 5 case. Those excerpts merely indicate, however, that the court was explaining the parties' respective positions rather than suggesting that the firefighters' claims were Title 5 leave with pay overtime claims. *See Lanehart, supra*, 818 F.2d at 1578. A simple example shows that the leave with pay provisions of Title 5 are not per se overtime pay provisions. If an employee works a normal forty hour workweek, and that workweek has a holiday, the employee does not receive overtime pay for that holiday but only receives the ordinary and regular pay he receives for a normal work day.

statute of limitations which governs Title 5 pay claims in this court is 28 U.S.C. § 2501.[10] Ostensibly, plaintiffs' six-year statute of limitations argument refers to 28 U.S.C. § 2501, although the only time plaintiffs cite the six-year statute of limitations is in their supplemental brief, and at oral argument, where they erroneously refer to it as 28 U.S.C. § 2401(a) (statute of limitations pertaining to district courts).

In the 1989 decision, the Comptroller General noted that the suit before it was one of a number of similar suits that were part of a consolidated settlement resulting from the *Lanehart* decision, and that the settlement agreement allowed federal firefighters to recover on pay claims for a period of six years prior to the date their claims were filed. The Comptroller General held that "claims for overtime compensation [would be allowed] for all periods of paid leave, subject to the six-year limitation period in 31 U.S.C. § 3702(b)." Plaintiffs argue that, since the plaintiffs in *Lanehart* were allowed to recover under a six-year statute of limitations, so should plaintiffs.

Plaintiffs' reliance on the Comptroller General's decision to settle claims dating back six years as a result of *Lanehart* is similarly misplaced. First, as noted above, the six-year statute of limitations applied by the Comptroller General is the Barring Act, which only applies to claims brought before the Comptroller General. The Barring Act has no application to claims before this court. *See Marr v. United States*, 123 Ct.Cl. 474, 480, 106 F.Supp. 204, 207 (1952), *cert. denied*, 345 U.S. 956, 73 S.Ct. 937, 97 L.Ed. 1377 (1953). Moreover, settlements or offers to compromise are not admissible to show liability or damages. *See* Fed.R. Evid. 408; *Sternberger v. United States*, 185 Ct.Cl. 528, 538, 401 F.2d 1012, 1017–18 (1968); *Abundis v. United States*, 15 Cl.Ct.

619, 620 (1988). Furthermore, although the Comptroller General made no specific finding that the firefighters' claims arose under Title 5 or the FLSA, the decision indicated that the *Lanehart* claims arose under the FLSA when it stated that the "Justice Department is in the process of settling numerous claims for payment of backpay and interest under the Fair Labor Standards Act."

## CONCLUSION

In view of the foregoing discussion, the court finds that plaintiffs' overtime pay claims arise under the FLSA, not under Title 5, and therefore the FLSA's two-year statute of limitations should apply to limit plaintiffs' recovery to two years prior to the date their claims were filed. Moreover, there is little doubt that the FLSA's two-year statute of limitations covers plaintiffs' pay claims, as it applies to "any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938...." 29 U.S.C. § 255(a).

For the foregoing reasons, the court grants defendant's motion for summary judgment, and denies plaintiffs' motion for summary judgment. The parties are directed to inform the court within thirty (30) days of the date of this opinion or by August 31, 1990, whether this case is subject to administrative disposition or whether a judgment for plaintiffs must be entered in order to dispose of this litigation.

---

10. On July 2, 1975, the time period for filing claims against the United States with the Comptroller General was reduced from ten years to six years. *See* Pub.L. No. 93–604, now codified at 31 U.S.C. § 3702(b) (1982). The legislative history of Public Law 93–604, which reduced the statute of limitations to six years, explains that the GAO was made a part of the legislative branch by statute in 1945. S.Rep. No. 93–1514, 93d Cong., 2d Sess., *reprinted in* 1974 U.S.CODE

CONG. & ADMIN.NEWS 7147, 7148. Thus, the GAO operates within the legislative realm of the government, entirely apart from the judicial branch, and the GAO's six-year statute of limitations operates entirely apart from this court's six-year statute of limitations. *See Marr v. United States*, 123 Ct.Cl. 474, 480, 106 F.Supp. 204, 207 (1952), *cert. denied*, 345 U.S. 956, 73 S.Ct. 937, 97 L.Ed. 1377 (1953).