George C. ARMITAGE, et al., Plaintiffs,

v.

The UNITED STATES, Defendant.

Nos. 139–89C, 568–89C, 632–89C, 690–89C and 90–53C.

United States Claims Court.

Dec. 20, 1990.

See also 22 Cl.Ct. 767.

---

Ira M. Lechner, Washington, D.C., for plaintiffs. Michael B. Waitzkin and Rima Sirota, of counsel.

Agnes M. Brown, with whom were Acting Asst. Atty. Gen., Stuart M. Gerson, and David M. Cohen, Washington, D.C., for defendant.

## OPINION

BRUGGINK, Judge.

Plaintiffs in these consolidated cases raise a number of issues with respect to various provisions of the Federal Employees Pay Act ("Title 5"). 5 U.S.C. § 5101 et seq. (1988). At issue is the quantum of "pay" to which they were and are entitled during alleged authorized leave from work under the "leave with pay" provisions of 5 U.S.C. §§ 6303, 6307, 6322, and 6323 (1988). Plaintiffs allege that they can be divided into four groups: (1) those who worked 24 hour shifts and who, when on authorized leave, were not paid for regularly-scheduled overtime hours; (2) those who were regularly-scheduled to work overtime but who did not work 24 hour shifts and who, when on authorized leave, were not paid for their regularly-scheduled overtime hours; (3) those who were regularly-scheduled to work on Sundays and who, when on authorized leave, were not paid Sunday premium pay; and (4) those who were regularly-scheduled to work on holidays and who, when on authorized leave, were not paid holiday premium pay. This opinion deals only with those plaintiffs in the first group. As to these plaintiffs, defendant concedes liability, but contends that the claims of the plaintiffs in the first group are subject to the two year statute of limitations applicable to actions brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219 (1988). Pending are the parties' cross-motions for partial summary judgment limited to the applicable statute of limitations. The material facts are undisputed. For the reasons which follow, the court disagrees with defendant and holds that the claims are subject to the six year statute of limitations applicable to claims under Title 5 and that plaintiffs in the first group are entitled to recover. Plaintiffs' motion for partial summary judgment as to these plaintiffs is granted and defendant's motion as to these plaintiffs is denied.

## BACKGROUND

Plaintiffs in the first group—those who worked 24 hour shifts—are federal employees who are employed as emergency medical technicians ("EMT's") at various military installations.[1] The EMT's are on duty for 24 hours and then are off duty for the subsequent 24 hours. During each bi-weekly period they have one additional 24 hour period off, so that they normally and regularly work six 24 hour shifts, or 144 hours, in a bi-weekly pay period.

For each weekly tour of duty an EMT receives a combination of basic pay and annual premium pay for regularly scheduled standby duty. Standby duty pay is in lieu of premium pay for regularly scheduled night, Sunday, holiday and overtime duty under other provisions of Subchapter V of Chapter 55 of Title 5. 5 U.S.C. § 5545(c)(1). The EMT's are also entitled to receive overtime compensation under the

---

1. As defined by the plaintiffs, the first group also contains employees at the Hill Air Force Base. These plaintiffs are not subject to this opinion. Those plaintiffs that are covered by this opinion are listed in the Attachment.

FLSA for hours worked in excess of 106 hours. 29 U.S.C. § 207(k).

The EMT's earn and use leave at an accelerated rate because of their uncommon tour of duty. Thus, when an EMT plaintiff takes a day of leave, his leave account is charged 24 hours; if plaintiffs take leave for an entire pay period, they are charged 144 hours. The EMT plaintiffs are required to take leave when they do not work hours for which they receive overtime compensation under the FLSA. FPM Supp. 990–2, book 630, subch. S2–6(b)(1) (Nov. 18, 1970).

The EMT plaintiffs contend that in computing the rates of pay to which they are entitled for time spent (1) on jury duty under 5 U.S.C. § 6322, (2) performing services in the military under 5 U.S.C. § 6323, (3) on annual leave under 5 U.S.C. § 6303, and (4) on sick leave under 5 U.S.C. § 6307, the Government has denied them overtime compensation. Plaintiffs seek backpay for the overtime compensation they would normally and regularly have been paid had they worked their standard work schedule. Plaintiffs also seek interest on any backpay found due.

Plaintiffs rely on *Lanehart v. Horner,* 818 F.2d 1574 (Fed.Cir.1987), where the same claim was made by similar plaintiffs. The issue posed by the appellate court was the same as that posed by the EMT plaintiffs: whether the leave with pay provisions of Title 5 entitle plaintiffs to an undiminished amount of overtime pay for a pay period in which authorized leave was taken. Plaintiffs in that case were firefighters who, like the EMT's, worked 24 hour shifts and received compensation under the FLSA for all worked hours in excess of 106 per bi-weekly pay period.

■ The court held that the firefighters were entitled to pay at an overtime rate under the leave with pay statutes despite the fact that they would not be entitled to overtime pay for the same period under the FLSA.[2] Specifically, the court held that the leave with pay statutes permitted the firefighters in that case to be paid at overtime rates based on inclusion of hours not actually worked, but credited because of annual leave, jury duty, etc. *Lanehart,* 818 F.2d at 1578.

In light of *Lanehart,* defendant concedes liability. Defendant admits that the EMT plaintiffs are in precisely the same situation as the firefighters in *Lanehart,* working identical shifts and being compensated, pre-*Lanehart,* in the same manner as were the firefighters in *Lanehart.* Like the firefighters, the EMT plaintiffs work six 24 hour shifts for a total of 144 hours per bi-weekly pay period. Like the firefighters, the EMT plaintiffs are entitled to overtime compensation under the FLSA for hours worked in excess of 106 per pay period. 29 U.S.C. § 207(k). Like the firefighters, the EMT plaintiffs are required to take leave for any hours of absence during their regular tour of duty, including those hours for which they receive FLSA overtime. FPM Supp. 990–2, book 630, subch. S2–6(b)(1) (Nov. 18, 1970). Thus, defendant admits that the EMT plaintiffs are entitled to the same relief granted the firefighters in *Lanehart.* Defendant contends, however, that their claims are limited by the two year statute of limitations.

## DISCUSSION

■ The issue in this case is the proper statute of limitations to be applied when plaintiffs seek an undiminished amount of overtime pay for a pay period in which plaintiffs took authorized leave. Defendant contends that the FLSA's two year statute of limitations should apply. 29 U.S.C. § 255(a)[3] (1988). Plaintiffs main-

---

**2.** Under the FLSA, federal employees are compensated for "hours of work." Prior to *Lanehart,* 818 F.2d at 1574, "hours of work" did not include hours of leave. *Compare* 5 C.F.R. § 551.401(b) (1987) *with* 5 C.F.R. § 551.401(b), (c) (1990).

**3.** Section 255(a) provides that an action,

may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued;

tain that a six year statute of limitations should apply. 28 U.S.C. § 2501 (1988). Resolution of the issue depends on whether the plaintiffs' claims arise under the FLSA or the Title 5 leave with pay statutes.

Plaintiffs' complaint solely alleges violations of the Title 5 leave with pay statutes. They concede that nothing in the FLSA entitles them to compensation for hours not actually worked. Plaintiffs contend that the sole statutory basis for their overtime entitlement is the Title 5 leave with pay statutes and that the six year statute of limitations should thus apply.

Defendant contends that the real gravamen of the action is recovery of overtime calculated pursuant to an entitlement under the FLSA. It points for support to *Acton v. United States*, 21 Cl.Ct. 214 (1990), *appeal filed*, No. 90–5153 (Fed.Cir. Sept. 11, 1990), where this court held that a two year statute of limitations applies when plaintiffs seek FLSA overtime compensation under the leave with pay provisions.

In *Acton*, the plaintiffs were present or former border patrol agents. The border patrol agents in *Acton* were entitled to calculate their overtime compensation under either 5 U.S.C. § 5542 (Title 5 overtime compensation for work in excess of forty hours per workweek) or 29 U.S.C. § 207(k). Moreover, the border patrol agents were entitled to have their overtime "determined under the provisions of the overtime statute which provides the greater economic benefit." *Acton*, 21 Cl.Ct. at 216 (citing *Agner v. United States*, 8 Cl.Ct. 635, 636 (1985), *aff'd*, 795 F.2d 1017 (Fed.Cir.1986)).

The border patrol agents admitted that they were currently being paid their overtime compensation under Title 5 and sought "to have their entitlement to overtime pay recalculated pursuant to FLSA overtime provisions." *Acton*, 21 Cl.Ct. at 216. Their complaint alleged violations of the FLSA and sought liquidated damages available under the FLSA[4] and not under Title 5. *Acton*, 21 Cl.Ct. at 215 n. 1. Plaintiffs argued that their right to overtime compensation originated in the Title 5 leave with pay provisions and not in the Title 5 overtime provisions or the FLSA overtime provisions. Defendant contended that the plaintiffs' right to overtime compensation originated solely in the FLSA overtime provisions since the calculation of overtime compensation would be done pursuant to the FLSA provisions.

Agreeing with the defendant, the *Acton* court noted that plaintiffs' counsel conceded at oral argument that plaintiffs' entitlement to overtime pay should be calculated under FLSA overtime provisions. In reaching its holding that the two year FLSA statute of limitations applied, the court emphasized that the plaintiffs sought "overtime pay based on a recalculation and a re-determination of plaintiffs' *entitlement* under 29 U.S.C. § 207, the FLSA overtime provision." *Acton*, 21 Cl.Ct. at 222 (emphasis added).

Like the plaintiffs here, the plaintiffs in *Acton* were seeking to implement the Federal Circuit decision in *Lanehart*, 818 F.2d at 1574. At issue in *Lanehart* was the quantum of pay to which firefighters were entitled during authorized absences from work under the leave with pay provisions. *Id., supra*, at 1575. *Lanehart* did not address the issue of the applicable statute of limitations.

The Government in *Lanehart* specifically argued that the firefighter plaintiffs were not entitled to any overtime pay under the FLSA for paid hours not worked due to leave taken pursuant to the Title 5 leave with pay provisions. *Lanehart*, 818 F.2d at 1578. It relied primarily on the language of the FLSA overtime provision which excludes authorized leave from the definition of "hours worked" for calculating overtime hours. 5 C.F.R. § 551.401(b) (1987). The Government contended that because the FLSA overtime provision requires actual attendance at work, no liability for overtime could attach on days of leave.

---

Neither party has suggested that a three year statute of limitations should apply.

4.  *See* 29 U.S.C. § 255(a).

The Federal Circuit rejected the Government's argument, pointing out that the firefighters admitted that they were not entitled to overtime pay under the FLSA for hours not worked and that the firefighters briefs and oral arguments were solely directed to the meaning of Title 5. In stressing that the firefighters were not seeking any additional FLSA overtime pay, the court stated that the Government's "arguments are, therefore, not particularly helpful in resolving this appeal." *Lanehart*, 818 F.2d at 1578.

The Federal Circuit's opinion focused on whether the four leave with pay provisions of Title 5 entitled plaintiffs to an undiminished amount of pay for pay periods in which authorized leave was taken. In its discussion, the *Lanehart* court made clear that the source of the Government's liability lay in the Title 5 leave with pay statutes. After an extensive analysis of the meaning of "pay," including the legislative history of the pay statutes, the court concluded that the " 'leave with pay' statutes in their purpose and effect prevent any reduction in the customary and regular pay of the appellants, including overtime pay under Title 29." The court recognized that FLSA overtime compensation is reduced during periods of leave but also recognized that "such reduction is recouped by the employee under the 'leave with pay' provisions." *Lanehart*, 818 F.2d at 1582.

Jurisdiction in this court, insofar as relevant to this case, depends on the existence of a statute which explicitly, or by implication, grants a right to be paid a sum certain. *Eastport S.S. Corp. v. United States*, 178 Ct.Cl. 599, 605, 372 F.2d 1002, 1007 (1967). Plainly the FLSA, standing alone, cannot be the basis for a money recovery in cases such as these, which depend on the leave with pay provisions of Title 5. The defendant's argument in this case and in *Acton* misses the point. It is not the statutory basis for calculating overtime that is relevant in determining the statute of limitations, but rather the statutory source of entitlement that is critical. As *Lanehart* makes clear, it is the language of §§ 6303, 6307, 6322, and 6323 that animates these cases and establishes the entitlement to overtime compensation.

Thus, the court holds that the applicable statute of limitations is six years. Although the court in *Acton* was faced with a very different complaint than the one here, the result here is probably inconsistent with that decision. To the extent that it is, the court respectfully declines to follow *Acton*.[5]

## CONCLUSION

For the reasons expressed above, the court grants plaintiffs' motion for partial summary judgment as to the EMT plaintiffs and denies defendant's motion for partial summary judgment as to the EMT plaintiffs. The parties are directed to confer in an effort to stipulate the amount of plaintiffs' recovery. The parties' joint status report reflecting whether agreement could be reached, or alternatively setting forth respective positions, shall be filed on or before February 15, 1991.

## ATTACHMENT

*Adams v. United States*, No. 568–89C (Cl.Ct. filed Oct. 18, 1989): Joan A. Castagno, Wayne M. Dow, John W. Dubois, Larry W. English, Gary E. Harris, Hal H. Jones, Jack R. King, J. Scott McBride, Jerry D. Montoya, and Delila Terry.

*Aiken v. United States*, No. 680–89C (Cl.Ct. filed Dec. 21, 1989): Dane Proffitt.

*Anderson v. United States*, No. 90–53C (Cl.Ct. filed Jan. 17, 1990): Myra C. Anderson, Dale L. Barnard, Joseph L. Comer, Mark DeUnger, William J. Fon-

5. It is not entirely clear from the decision whether the plaintiffs in *Acton* actually worked during the scheduled overtime hours at issue or whether the plaintiffs there took leave if they did not work the overtime hours. The plaintiffs in this case did not actually work the scheduled overtime at issue and were required to take leave for the hours not worked. This opinion does not address the statute of limitations to be applied when federal employees actually work scheduled overtime, but seek to have leave hours included in calculating overtime compensation for those worked hours.

shell, Terry W. McCorkle, James C. Pointer III, and Carla E. Rhea.