Gary M. BROWN; Harvey Glazier; Arthur Hicks; George Ponton; and Alvery D. Williams, Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 91–1104C.

United States Court of Federal Claims.

April 20, 1993.

Peter D. Durney, Reno, NV, for plaintiffs.

Matthew S. Bode, Washington, DC, with whom was Thomas W. Peterson, Asst. Director, David M. Cohen, Director, Civ. Div. Dept. of Justice, and Stuart M. Gerson, Asst. Atty. Gen., for defendant. Mary Mitchell Armstrong, Dept. of Health and Human Services, of counsel.

## *OPINION*

SMITH, Chief Judge.

This case involves claims for backpay allegedly owed as a result of the Department of Health and Human Service's (HHS) failure to pay plaintiffs standby sta-

---

tus compensation between June 7, 1979 and June 6, 1985. Presently before the court is the government's Motion for Summary Judgment. After careful examination of the legal issues before it,[1] the court grants the government's motion as it applies to all FLSA claims and to all FEPA claims accruing prior to March 12, 1984.

## FACTS

During the period for which they seek backpay, plaintiffs were employed as emergency medical ambulance drivers by the Public Health Service Indian Hospital in Schurz, Nevada. As part of their employment duties, plaintiffs were required to remain on standby during scheduled rotating periods.[2] At all times during their scheduled rotations, plaintiffs were required, among other things, to be available to report for duty to the hospital within a short period of time,[3] to do so in suitable attire to perform work, and to carry an electronic paging device. Plaintiffs contend that they were on "standby status" within the meaning of 5 U.S.C. §§ 5544(a) and 5545(c)(1) (1980) during their scheduled rotations and therefore were eligible for premium pay under the Federal Employee Pay Act (FEPA). FEPA provides:

> an employee in a position requiring him regularly to remain at, or within the confines of his station during longer than ordinary periods of duty, a substantial part of which consists of remaining in a standby status rather than performing work, shall receive premium pay for this duty.

5 U.S.C. § 5545(c)(1). Plaintiffs were not paid additional compensation for their scheduled rotations beyond their regular wages from the inception of their employment[4] until June 6, 1985.[5]

On February 4, 1986, plaintiffs filed claims with the Service Unit Director of the Schurz Hospital seeking compensation for the period they were not paid for standby status duties. Plaintiffs based their claims on the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207. In their claim, however, plaintiffs erroneously cited as FLSA the relevant statutory provisions of FEPA, 5 U.S.C. § 5541, et seq. HHS denied plaintiffs' claims on July 3, 1986 and forwarded them to the General Accounting Office (GAO) for consideration.

From plaintiffs' claim, GAO discerned that plaintiffs were seeking relief under both FLSA and FEPA. On February 11, 1988, GAO denied plaintiffs' claims for unpaid standby status compensation under FEPA. GAO informed plaintiffs that their FLSA claims should be submitted directly to the Office of Personnel Management (OPM) for consideration. OPM denied plaintiffs' FLSA claims on July 10, 1989.

On March 12, 1990, plaintiffs sought relief in the United States District Court for

---

1. Both parties waived their right to oral argument and requested that the court rule on the government's motion based solely on the briefs submitted by the parties.

2. In addition to plaintiffs' regular work schedules of 8:00 a.m. to 4:30 p.m. Monday through Friday, they were on-call every fifth weekend from 8:00 a.m. on Saturday to 8:00 a.m. on Monday.

3. The parties disagree as to the length of the response time within which plaintiffs were required to report to the hospital. Plaintiffs contend that a five minute response was required, while defendant contends that the response time was fifteen minutes. This factual dispute is not material.

4. Plaintiffs began their employment on different dates: Mr. Glazier on June 7, 1979; Mr. Brown on January 20, 1980; Messrs. Hicks and Ponton

on June 7, 1980; and Mr. Williams on December 1, 1980. These dates represent the first day for which each individual seeks back pay.

5. According to plaintiff's complaint, on January 10, 1985, the Phoenix Area Indian Health Service (PAIHS) issued a memorandum to the Public Health Service Indian Hospital explaining the difference between "on-call" and "standby status," and noting that one hour and forty minutes would be the shortest response time required of employees in the on-call category. In a June 6, 1985 memorandum to PAIHS, the hospital noted that at least a 30 minute response time was needed to change the workers' status from standby to on-call. The hospital subsequently issued a notice changing the ambulance personnel's status to the on-call category. Plaintiff's Complaint at 5-6. This action apparently eliminated the hospital's obligation to pay plaintiffs premium standby status compensation under 5 U.S.C. § 5545(c)(1).

the District of Nevada, claiming they were due compensation for standby status under FLSA, but again erroneously cited the statutory provisions of FEPA. The district court transferred the case to this court on January 16, 1991 pursuant to 28 U.S.C. § 1631 (1992). Plaintiffs based their claims in this court on FLSA, but once again cited the relevant statutory provisions of FEPA: "This is an action alleging violation of the Fair Labor Standards Act for standby duty, 5 U.S.C. Section 5541, *et seq.* . . ." [6]

## DISCUSSION

In its Motion for Summary Judgment, the government argues that plaintiffs' claims under FLSA are barred by the two-year statute of limitations set forth in 29 U.S.C. § 255(a) as plaintiffs filed their complaint ten years after the accrual of their claims. In regard to FEPA, the government argues that plaintiffs have not properly asserted claims under that statute. The government accordingly contends that the court must disregard these FEPA claims and grant the government full summary judgment on the basis of plaintiffs' untimely filing of its FLSA claims. Alternatively, the government argues that if the court finds that plaintiffs do have colorable claims under FEPA, the government is entitled to summary judgment as to all FEPA claims accruing prior to March 12, 1984, *i.e.* those claims falling outside the six-year statute of limitations for filing suit in the United States Court of Federal Claims. *See* 28 U.S.C. § 2501 (1992); *Acton v. United States*, 21 Cl.Ct. 214, 215 (1990), *rev'd on other grounds*, 932 F.2d 1464 (Fed.Cir. 1991) ("Title 5 . . . claims are subject to the court's six-year limitations period.").

Plaintiffs concede, as they must, that their FLSA claims are invalid because they fall outside the FLSA two-year statute of limitations.[7] Plaintiffs argue, however, that they asserted valid FEPA claims in their complaint as they cited the applicable provisions of that statute for seeking back-pay, 5 U.S.C. §§ 5541(a) and 5545(c)(1). Plaintiffs thus contend that those claims accruing *after* March 12, 1984 remain timely as a matter of law. Hence, both parties agree that only the post-March 12, 1984 claims are at issue in this case.

In order to prevail on a motion for summary judgment, the movant must prove the absence of any genuine issue of material fact and that it is entitled to judgment as a matter of law. *Pender Peanut Corp. v. United States*, 20 Cl.Ct. 447, 451 (1990). In this case, there is no dispute as to any material fact as the parties are in agreement as to all facts pertinent to the government's motion. Summary judgment is therefore appropriate because the government has established, and plaintiffs have conceded, that the government is entitled to judgment on the statute of limitations issues before the court. *Acton*, 21 Cl.Ct. at 218.

The court is thus left to decide whether plaintiffs have asserted claims arising only under FLSA, or claims arising under both FLSA and FEPA.[8] If plaintiffs do not have valid FEPA claims, then the government is entitled to full summary judgment as plaintiffs' FLSA claims clearly fall outside the FLSA statute of limitations. If plaintiffs do have valid FEPA claims, then the government is entitled to summary judgment only as to those claims accruing prior to March 12, 1984.

Pleading in this court is controlled by United States Court of Federal Claims Rule (RCFC) 8(a). That rule provides:

A pleading which sets forth a claim for relief, whether an original claim, counter-

---

**6.** Plaintiffs' Complaint at 2.

**7.** The court notes that the fact that plaintiffs elected to seek relief on their FLSA claims before GAO prior to filing here does not affect the FLSA statute of limitations. It is well established that the filing of FLSA claims with GAO does not toll the two-year statute of limitations period imposed by 29 U.S.C. § 255(a). *Nerseth v. United States*, 17 Cl.Ct. 660, 664 (1989).

**8.** Between 1974 and 1990, federal employees were covered by both FEPA and FLSA. Because plaintiffs are seeking premium pay for years between 1974 and 1990, both FEPA and FLSA were available to plaintiffs as dual bases for relief. *Agner v. United States*, 8 Cl.Ct. 635, 636 (1985), *aff'd without opinion*, 795 F.2d 1017 (Fed.Cir.1986).

claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which the pleader is entitled.

RCFC 8(a). The Supreme Court has liberally construed the analogue to Rule 8(a), Fed.R.Civ.P. 8,[9] to require that a complaint give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). To fulfill this rather lenient requirement, the pleader need only "disclose adequate information regarding the basis of his claim for relief as distinguished from a bare averment that he wants relief and is entitled to it." 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1202 (1990); *see also* 61 AM.JUR.2d § 76 (1981) (pleading "is to be determined from its general scope and tenor ... [and] will be construed as proceeding upon the theory most apparent...."). The federal rules controlling the filing of complaints are thus premised on the notion of notice, rather than technical, pleading.

Based on the policies underlying the federal pleading rules, the court finds that plaintiffs' complaint gave adequate notice to the government that plaintiffs were seeking relief under FEPA as well as FLSA. Although plaintiffs admittedly failed in their complaint to invoke FEPA by name, but cited the correct section number, the court does not deem this oversight fatal to plaintiffs' FEPA claims. If the court ignored plaintiffs' FEPA claims, it would in effect be disregarding the clear mandate of RCFC 8(f) that "all pleadings shall be so construed as to do substantial justice." Accordingly, the court rules that plaintiffs have properly invoked FEPA as a basis for relief.

### CONCLUSION

For the reasons set forth above, the court grants the government's Motion for Summary Judgment as it applies to all FLSA claims and to all FEPA claims accruing prior to March 12, 1984. As a result of the court's ruling, each plaintiff has colorable claims for the period between March 12, 1984 and June 6, 1985. The parties are hereby directed to file a joint status report within sixty days indicating further proceedings needed in the case. No costs.

IT IS SO ORDERED.

---

**9.** The rules of the this court mirror the federal   rules in both language and substance.